IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILSON JUNIOR VELEZ-SANTIAGO** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 25-CV-0563 |
| | : | |
| **ARAMARK CORRECTIONAL** | : | |
| **SERVICES,** *et al.*, | : | |
| *Defendants* | : | |

**MEMORANDUM AND ORDER**

Plaintiff Wilson Junior Velez-Santiago, a pretrial detainee incarcerated at Chester County Prison ("CCP"), filed this action pursuant to 42 U.S.C. § 1983 based on allegations that Aramark Correctional Services, its employees, and the staff at CCP have denied him nutritionally adequate food.  The Court granted Velez-Santiago *in forma pauperis* status, screened his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismissed it, *in part*, without prejudice, for failure to state a claim.  (*See* ECF Nos. 5, 6.)  After Velez-Santiago filed an Amended Complaint (*see* ECF No. 7), the Court directed service of the Amended Complaint on Aramark Correctional Services and J. Massy.  According to the U.S. Marshal's Process and Receipt and Returns, service was made upon Defendant Aramark Correctional Services when process was accepted via electronic service by Amy Golembo, a Litigation Senior Analyst with the Aramark Legal Department on May 29, 2025.  (*See* ECF No. 12 at 2.)  A response to the Amended Complaint was due on June 20, 2025.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i); *see also* Fed. R. Civ. P. 6(a).  However, no responsive pleading has yet been filed by Defendant Aramark Correctional Services.[1]

---

[1] Defendant Joshua Massi filed his Answer and Affirmative Defenses to Velez-Santiago's Amended Complaint on June 30, 2025.  *See* ECF No. 13.

1

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(g)(1), provides that a defendant may waive the right to respond to a prisoner's complaint and that the failure to respond does not constitute an admission of the factual allegations in the complaint.[2] *See Jones v. Bock*, 549 U.S. 199, 213-14 (2007) ("[U]nlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint."); *see also Kendrick v. Hann*, No. 19-1642, 2020 WL 1531234, at *2 (M.D. Pa. Mar. 31, 2020) ("The Court never directed Defendants to respond to Plaintiff's complaint pursuant to § 1997e(g)(2) and, therefore, Defendants had no obligation to respond to the complaint."); *Steele v. Wetzel*, No. 14-4823, 2015 WL 7730938, at *2 (E.D. Pa. Nov. 6, 2015), *report and recommendation adopted*, 2015 WL 7734103 (E.D. Pa. Nov. 30, 2015) ("Courts have consistently interpreted [§ 1997e(g)(1)] as barring a prisoner plaintiff from obtaining an entry of default when no reply has been filed, because a defendant has no obligation to reply to the complaint."). However, if a defendant fails to respond to a complaint and the court finds that the plaintiff "has a reasonable opportunity to prevail on the merits," the court may order the defendant to respond. 42 U.S.C. § 1997e(g)(2); *Graham v. M.C.C.F.*, No. 19-116, 2021 WL 1030182, at *3 (N.D. Miss. Mar. 17, 2021) (observing that the natural reading of §

---

[2] The relevant provision provides in full:

**(g) Waiver of reply**

  **(1)** Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

  **(2)** The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. § 1997e(g).

2

1997e(g)(2) is that, "[e]ven if a defendant waives the right to reply to a complaint, the court may *require* any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits." (alterations and internal quotations omitted)).

At this early stage of the litigation, based on the limited information before the Court, the Court finds that Velez-Santiago has a reasonable opportunity to prevail on the merits of his claims against Aramark Correctional Services. Accordingly, the Court will direct Aramark Correctional Services to file a responsive pleading in accordance with this Order. The Court cautions Aramark Correctional Services that failure to file a responsive pleading by this deadline may result in an entry of default and/or a default judgment. *See Steele*, 2015 WL 7730938, at *2 (observing that several courts "have determined that a defendant in a PLRA case can be defaulted for failing to follow a court order requiring him to respond to the complaint"); *see also Walker v. Smokes*, No. 15-57, 2016 WL 4099255, at *2 (S.D. Ga. Aug. 2, 2016) ("Even though Section 1997e(g) may be applicable, . . . this statute does not permit Defendants to ignore this Court's Order directing the filing of a response to Plaintiff's Complaint, as amended.").

**AND NOW**, this 11th day of July, 2025, for the foregoing reasons, it is hereby **ORDERED** that:

    1.    Pursuant to 42 U.S.C. § 1997e(g)(2), Aramark Correctional Services is **DIRECTED** to file an appropriate responsive pleading in this case **within fourteen (14) days** of the date of this Order and shall not waive filing a reply pursuant to § 1997e(g)(1).

2. The Clerk of Court is **DIRECTED** to send a copy of this Order to Aramark Correctional Services at the address at which it was served by the United States Marshal Service. (*See* ECF No. 12 at 2.)

            **BY THE COURT:**

            /s/ *Nitza I. Quiñones Alejandro*
            **NITZA I. QUIÑONES ALEJANDRO**
            *Judge, United States District Court*